IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM DEAN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-04151-MDH |
| ) | |
| MICHELLE KING, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's William Dean Johnson's appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of his application for a period of disability and disability insurance benefits under Titles II of the Social Security Act. Plaintiff has exhausted his administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision is affirmed.

## BACKGROUND

Plaintiff filed his application for disability insurance benefits on December 16, 2020 (Tr. 144). Plaintiff was born in 1981, and he alleged that he became disabled beginning March 31, 2020, due to gout, psoriatic arthritis, fibromyalgia, anxiety, depression, rheumatoid arthritis, carpal tunnel syndrome, and knee problems (Tr. 296-97, 322-23).

The ALJ found that Plaintiff had the following severe impairments: lumbar degenerate disc disease; right shoulder injury, status post surgery; polyarthralgia; osteoarthritis of the bilateral knees and left foot; carpal tunnel syndrome; psoriatic arthritis/gouty arthritis; obesity;

and mental impairments, variously diagnosed as major depressive disorder, panic disorder without agoraphobia, and post-traumatic stress disorder (PTSD) (Tr. 17). However, the ALJ found that he did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 17-21). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform work sedentary work as defined in 20 CFR 404.1567(a) with exceptions. The RFC states:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can never climb ladders, ropes, and scaffolds. The claimant can occasionally climb ramps and stairs. The claimant can occasionally balance and stoop. The claimant should not kneel or crawl. The claimant can frequently handle and finger. The claimant can frequently reach except reaching overhead is limited to occasionally. The claimant should avoid all exposure to unprotected heights and dangerous moving machinery (for example, factory-type machinery with an unshielded blade). The claimant can occasionally operate a motor vehicle as a job task. The claimant should be allowed to shift or alternate positions every 60 minutes for up to two to three minutes while remaining at the workstation on task. The claimant is able to understand, remember, and carry out simple instructions and make simple work-related decisions. The claimant can occasionally interact with the general public.

(Tr. 21). The ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 27). Relying on vocational expert testimony, the ALJ concluded that Plaintiff's impairments would not preclude him from performing other work that exists in significant numbers in the economy. (Tr. 27-38). Consequently, the ALJ found Plaintiff not disabled. (Tr. 29).

## STANDARD

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), *citing Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the

2

Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id., citing Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir.2004); *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id., citing Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006)*.*

## DISCUSSION

Plaintiff argues that the ALJ failed to reconcile her RFC assessment with the medical opinion evidence within the record, as required by SSR 96-8p. Specifically Plaintiff asserts two inconsistencies on appeal. First, Plaintiff argues the ALJ failed to explain inconsistencies between the opinions of Drs. Akeson and Altomari and the assessed RFC. Second, the ALJ failed to explain inconsistences between the opinion of Ms. Schultz and the assessed RFC. Because of these inconsistencies Plaintiff contends that a decision reversing the decision and remanding for a new administrative hearing is proper. The Court will take each argument in turn.

**I.      Inconsistences between Drs. Akeson and Altomari Compared to the Assessed RFC**

Plaintiff first argues that the ALJ failed to explain why she rejected portions of Drs. Akeson and Altomari's assessments. Specifically, Plaintiff states that absent from the ALJ's discussion was an explanation of the ALJ's rejection of the adaptive limitations contained within

the opinions of both Dr. Akeson and Altomari and thus the RFC does not account for Plaintiff's limitations in adjusting to workplace changes. Plaintiff further alleges that this omission was harmful to Plaintiff. Defendant argues that the ALJ properly evaluated the record, including prior administrative medical findings and medical opinion evidence.

SSR 96-8p requires the ALJ to explain how any material inconsistences or ambiguities in the evidence were considered and resolved. SSR96-8p. If the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. *Id*. The ALJ relied on the opinions of Dr. Akeson and Altomari, finding both opinions supported with a detailed explanation and citations to the objective medical evidence. (Tr. 25). The ALJ judge did note that Dr. Altomari's opinion is the more persuasive and consistent with the overall evidence. *Id*. Dr. Akeson opined that Plaintiff had moderate limitations in all areas of mental functioning and that Plaintiff can adapt to situational conditions and changes with reasonable support and structure. *Id*. Dr. Altomari opined that Plaintiff had only mild limitations in understanding but moderate limitations in all other areas of mental functioning. Dr. Altomari further opined that Plaintiff can adapt to routine changes in the work setting. *Id*.

The Court finds that the ALJ, while not specific, did explain why she did not include any limitation in the RFC reflecting adapting to changes within the work setting with reasonable support and structure in her RFC. The Court finds there is substantial evidence in the record to support the ALJ's finding and the Court affirms the decision.

II.    **Inconsistences Between Ms. Schultz and the Assessed RFC**

Plaintiff argues that the ALJ credited Ms. Schultz's opinion on Plaintiff's consultative psychiatric evaluation but failed to explain why she rejected the opined limitation to reduced

4

Case 2:23-cv-04151-MDH    Document 13    Filed 02/13/25    Page 4 of 5

persistence and pace. Defendant argues that the ALJ properly evaluated the record, including prior administrative medical findings and medical opinion evidence.

Here, the ALJ found Ms. Schultz's opinion was persuasive. (Tr. 24-25). Ms. Schutz's opined that Plaintiff's concentration was impaired, and he was easily distracted, such that his persistence and pace were slow. (Tr. 24). The ALJ, however, did not include any limitation in the RFC that reflected Plaintiff's persistence and pace were slow.

The Court finds that the ALJ, while not specific, did explain why she did not include any limitation in the RFC reflecting persistence and pace within the RFC. The Court finds there is substantial evidence in the record to support the ALJ's finding and the Court affirms the determination.

## **CONCLUSION**

For the reasons set forth herein, the ALJ's final determination is **AFFIRMED.**

**IT IS SO ORDERED.**
DATED: February 13, 2025

                                       */s/ Douglas Harpool*
                                       **DOUGLAS HARPOOL**
                                       **UNITED STATES DISTRICT JUDGE**